IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| STEVEN EDWARD VILLNAVE, | § | |
| Petitioner, | § | |
| v. | § | Case No. 6:19-CV-602-JDK-JDL |
| DIRECTOR, TDCJ-CID, | § | |
| Respondent. | § | |

**ORDER ADOPTING REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

Petitioner Steven Edward Villnave, an inmate proceeding *pro se*, filed the above-styled and numbered petition for writ of habeas corpus. This case was referred to United States Magistrate Judge John D. Love pursuant to 28 U.S.C. § 636. On April 30, 2020, Judge Love issued a Report and Recommendation (Docket No. 12), recommending that the petition be denied because the case does not involve a protected liberty interest. *Id.* at 4.

This Court reviews the findings and conclusions of the Magistrate Judge *de novo* only if a party objects within fourteen days of service of the Report and Recommendation. 28 U.S.C. § 636(b)(1). In conducting a *de novo* review, the Court examines the entire record and makes an independent assessment under the law. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*), *superseded on other grounds by statute*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days). Here, Petitioner did not file objections in the prescribed period.[1] The Court therefore reviews the Magistrate Judge's findings

---

[1] On May 11, 2020, Petitioner filed a Motion for Rehearing and requested an evidentiary hearing. Docket No. 13. Judge Love denied the motion on June 22, 2020, because Petitioner did not show that a protected liberty interest was at stake. Docket No. 14 at 1; *see Malchi v. Thaler*, 211 F.3d 953, 959 (5th Cir. 2000) (holding that the loss of the opportunity to earn good time will not trigger constitutional protections). Even if Petitioner intended for his motion for rehearing to serve as objections to the Magistrate Judge's Report, the Court would have overruled the objections for the same reason. *See Malchi*, 211 F.3d at 959; *Luken v. Scott*, 71 F.3d 192, 193 (5th Cir. 1995) ("The loss of the

for clear error or abuse of discretion and reviews his legal conclusions to determine whether they are contrary to law. *See United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989), *cert. denied*, 492 U.S. 918 (1989) (holding that, if no objections to a Magistrate Judge's Report are filed, the standard of review is "clearly erroneous, abuse of discretion and contrary to law").

Having reviewed the Magistrate Judge's Report and Recommendation, the Court adopts the Report and Recommendation of the United States Magistrate Judge (Docket No. 12) as the findings of this Court.

Accordingly, it is hereby **ORDERED** that the Magistrate Judge's Report (Docket No. 12) be **ADOPTED**. It is further

**ORDERED** that the petition for a writ of habeas corpus is **DISMISSED WITH PREJUDICE**.

**So ordered and signed on this**
Jun 25, 2020

JEREMY D. KERNODLE
UNITED STATES DISTRICT JUDGE

---

opportunity to earn good-time credits . . . is a collateral consequence of Luken's custodial status. Yet, such speculative, collateral consequences of prison administrative decisions do not create constitutionally protected liberty interests."); *Madison v. Parker*, 104 F.3d 765, 768 (5th Cir. 1997) ("Madison's 30 day commissary and cell restrictions as punishment are in fact merely changes in the conditions of his confinement and do not implicate due process concerns.").